IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **J.B.**, <br><br> Plaintiff, <br><br> v. <br><br> **HORIZON AIR INDUSTRIES, INC.**, <br><br> Defendant. | Case No. 3:24-cv-01111-IM <br><br> **OPINION & ORDER GRANTING IN PART MOTION TO COMPEL** |

Emily Templeton and Michael Fuller, Underdog Law Office, 111 SW Fifth Avenue, Suite 3150, Portland, OR 97204. Attorneys for Plaintiff.

Ada W. Dolph, Josh M. Goldberg and Jacob J. Roes, Seyfarth Shaw LLP, 999 Third Avenue, Suite 4700, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This is a sexual harassment action under Oregon law arising from Plaintiff's employment as a flight attendant for Defendant Horizon Air Industries, Inc. Defendant moves to compel additional discovery responses, supplement initial disclosures, and produce certain social media accounts. ECF 17. This Court grants the motion in part as to medical and employment records, denies it as to expert disclosures and noneconomic damages calculations, denies it as moot with

PAGE 1 – ORDER ON MOTION TO COMPEL

respect to initial disclosures, and denies the motion with leave to renew as to records of phone calls and other communications.[1]

## A. Damage Calculations

Plaintiff's Complaint states that she is seeking "fair compensation for non-economic damages and punitive damages in amounts to be determined by the jury." ECF 1 ¶ 10. Defendant seeks to compel Plaintiff to produce the "method of calculation and supporting evidence" of these damages under Federal Rule of Civil Procedure 26(a)(1). Motion to Compel ("Mot."), ECF 17 at 5. Plaintiff opposes this request, arguing that noneconomic and punitive damages are difficult to quantify and an issue of fact for the jury. Response ("Resp."), ECF 21 at 13–14.

Under Rule 26(a)(1)(A)(iii), a party must, without awaiting a discovery request, provide to the other party:

> [A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

The Motion to Compel is denied as to this issue. While Rule 26 generally requires a party to provide a computation of damages, Plaintiff only seeks noneconomic damages for "stress, anxiety, frustration, and other harmful and negative emotional and psychological distress and harm." Complaint, ECF 1 ¶ 8. Based on Plaintiff's briefing, this Court assumes Plaintiff will seek to establish such damages through her testimony about the distress she experienced, not

---

[1] On March 12, 2025, Defendant filed a Motion for Leave to File a Reply in Support of its Motion to Compel, ECF 23. That motion challenges the accuracy of some of Plaintiff's representations in her Response. *Id.* at 2. As this Court is granting some of Defendant's requests and denying others with leave to renew, a reply is not necessary at this time. Accordingly, Defendant's Motion for Leave to File a Reply in Support of its Motion to Compel, ECF 23, is denied as moot.

PAGE 2 – ORDER ON MOTION TO COMPEL

through the sort of documentary evidence or expert opinion that would appropriately be disclosed under Rule 26. *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); *see also Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1086 (9th Cir. 2009) (noting that compensatory damages may be awarded for emotional distress, "whether or not plaintiffs submit evidence of economic loss or mental or physical symptoms" (citation omitted)). Plaintiff is not required to calculate her damages for emotional distress.[2]

    Plaintiff's choice not to disclose a damages calculation may limit what she can present at trial. "[I]f Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails to supplement [her] Rule 26 disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial." *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–40 (E.D. Wash. 2011); *see also Maharaj v. Cal. Bank & Tr.*, 288 F.R.D. 458, 464 (E.D. Cal. 2013) (granting motion in limine precluding request of specific dollar amount). It is, however, Plaintiff's choice whether to pursue a specific damages amount at trial. Both Plaintiff's Complaint and her Response to this motion, ECF 21 at 13–14, suggest that she plans to leave the

---

[2] This Court has identified only one case ordering a plaintiff to calculate emotional distress damages. *Sharma v. City of Vancouver*, No. C06-5688, 2007 WL 4376177, at *2 (W.D. Wash. Dec. 13, 2007). *Sharma* does not cite any authority—apart from Rule 26—for its decision to compel this calculation. Other courts have rejected the *Sharma* approach, *see Wal-Mart Stores*, 276 F.R.D. at 639, and it is not the law in this district, *see Swan v. Miss Beau Monde, Inc.*, No. 3:21-cv-111-SI, 2021 WL 5991787, at *3 (D. Or. Oct. 14, 2021).

PAGE 3 – ORDER ON MOTION TO COMPEL

calculation of damages to the jury. If Plaintiff does not intend to ask the jury for a specific dollar amount, she need not provide a computation of damages to Defendant.[3]

Punitive damages, like emotional distress damages, are difficult to quantify and typically considered a fact issue for the jury. *Wal-Mart Stores*, 276 F.R.D. at 639. Computation of punitive damages is an inexact process and may "be based upon a variety of factors including the reprehensibility of Defendant's conduct, which is obviously not quantifiable, and Defendant's financial condition, to which Plaintiff would not readily have access." *Creswell v. HCAL Corp.*, No. 04-cv-388, 2007 WL 628036, at *2 (S.D. Cal. 2007) (allowing plaintiff to seek punitive damages at trial where he did not disclose a computation under Rule 26). Plaintiff is not obligated to calculate punitive damages under Rule 26.[4]

**B. Medical Records**

Defendant moves to compel Plaintiff to disclose "the frequency of use, recommended dosage, and details of any known side effects" of certain drugs and medications in response to Interrogatory No. 11. Mot., ECF 17 at 6. Defendant also moves to compel Plaintiff to disclose "whether she alleges that she has suffered a psychiatric injury related to the allegations and if so, the injury and provider in connection with the injury." *Id.* (citing Interrogatories No. 20 & 21).

---

[3] The Court notes, however, that a damages computation is often helpful in enabling a defendant to understand its liability exposure and, by extension, make an informed decision about settlement. *Frontline Med. Assocs. v. Conventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009). Disclosing a damages computation will therefore often be advisable, even if not required by Rule 26.

[4] Plaintiff states that she seeks no more than $50 million in punitive damages, "or 1% of Alaska Air Group's net worth." Resp., ECF 21 at 14. The Court notes that punitive damages must bear a "reasonable relationship" to compensatory damages. *Swinton v. Potomac Corp.*, 270 F.3d 794, 818 (9th Cir. 2001).

PAGE 4 – ORDER ON MOTION TO COMPEL

Finally, Defendant moves to require Plaintiff to execute a HIPAA authorization form to obtain her medical records. *Id.* (citing Request No. 60).

Plaintiff responds by invoking the psychotherapist-patient privilege. Resp., ECF 21 at 8–9. On this point, however, the parties appear to be talking past one another. Plaintiff's Response references a range of requests for production, *id.*, including requests for "all documents that relate to your treatment by health care practitioners." Responses and Objections, ECF 22-2 at 27–28, 32–33). Some of these documents are assuredly covered by the psychotherapist-patient privilege, O.R.S. 40.230, which provides that a patient has a privilege to refuse to disclose "confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition." This Court agrees with Plaintiff that she did not waive this privilege merely by seeking emotional distress damages. *See Natkin v. Am. Osteopathic Ass'n*, No. 3:16-cv-1494-SB, 2022 WL 3974536, at *7 (D. Or. Sept. 1, 2022). However, if she intends to assert or introduce any evidence at trial that she has been diagnosed with a mental health condition due to Defendant's alleged conduct, she may waive the privilege and be required to provide medical records concerning any such diagnosis.

Plaintiff does not, however, directly address Defendant's interrogatories, which do not appear to seek any "confidential communications" to which the privilege might apply. Defendant's Interrogatory No. 11 asks Plaintiff to identify the frequency, the recommended dosage, and known side effects of various medications. Responses and Objections, ECF 18-1 at 11–12. These facts, even if communicated to or discussed with a psychotherapist, are not themselves "communications," and responding fully to this objection would not require disclosing any confidential communications. Likewise, Interrogatory No. 20 is a yes-or-no question about whether Plaintiff is alleging a particular injury, not a request for confidential

PAGE 5 – ORDER ON MOTION TO COMPEL

communications. *Id.* at 16. Interrogatory No. 21 simply asks Plaintiff to identify the healthcare providers she has seen in connection with the alleged injury, if any. *Id.* at 17. Because the psychotherapist-patient privilege only protects confidential communications, and Plaintiff has not identified any other basis to protect this information from disclosure, Plaintiff shall answer these interrogatories. *See* Fed. R. Civ. P. 33(b)(3) (requiring interrogatories be answered in writing under oath).

Finally, the Court reads Plaintiff's response to Interrogatory No. 20, that her damages include "stress, anxiety, frustration, and other harmful and negative emotional and psychological distress and harm," as meaning that she is not alleging a specific psychiatric injury. Declaration of Ada W. Dolph, ECF 18, Ex. B at 16. The Court accordingly will deny the motion to compel Plaintiff to execute the HIPAA release, Request for Production No. 60, with leave to renew. Plaintiff's medical records do not presently appear to be relevant if she is not alleging any specific medical conditions resulting from the events alleged in the Complaint.

Within 28 days of this Order, Plaintiff is ordered to disclose to Defendant whether: (1) Plaintiff will assert at trial that she developed a "diagnosable condition" as a result of the events alleged in the Complaint, (2) whether Plaintiff intends to call any expert witnesses at trial who will testify to her emotional injuries, or (3) whether Plaintiff intends to present during her testimony at trial any "portions of treatment records, diagnoses, or prognoses." *Natkin*, 2022 WL 3974536, at *7. The parties should then confer regarding whether any additional discovery may be necessary, including the production of records otherwise protected by HIPAA. If the parties cannot resolve that question together, they may take advantage of the discovery dispute resolution procedures outlined in the Case Management Order, ECF 12.

C. **Employment Records**

Defendant next seeks to compel Plaintiff to "identify all sources of income, employment opportunities, and employers" and produce related documents. Mot., ECF 17 at 7. Defendant's theory is that such documentation would provide evidence of "the onset, timing, and severity" of Plaintiff's alleged emotional distress. *Id.* Plaintiff contends the request is overly burdensome in a case where Plaintiff does not seek any form of economic damages. Resp., ECF 21 at 6–7.

The Court agrees that some of these records appear relevant. Although Plaintiff does not seek "lost or reduced wages or income," *id.* at 7, factors including "evidence corroborating the testimony of the plaintiff," "the degree of [Plaintiff's] mental distress," and "the loss of income, if any" are all relevant to determining an appropriate award of noneconomic damages for emotional distress. *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007). If Plaintiff engaged in work during a time period for which she seeks damages, and during which time other evidence will suggest she "struggled to get out of bed and hid in her apartment," evidence of her work history during that period would be relevant to the degree of mental distress she endured. *See, e.g.*, *Dornell v. City of San Mateo*, No. CV 12-06065, 2013 WL 5443036, at *5 (N.D. Cal. Sept. 30, 2013) (finding subsequent employment records "relevant to the severity of [p]laintiff's emotional distress"); *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167, 2009 WL 279036, at *2 (W.D. Wash. Feb. 5, 2009) (finding plaintiff's subsequent work attendance and job performance relevant to claimed emotional distress damages).

This theory of relevance does not, however, extend to Plaintiff's employment history well before the events alleged in the Complaint. What is relevant is whether Plaintiff worked after the events alleged in the Complaint and, if so, where and when, as well as her baseline employment history prior to the events alleged. The Court will accordingly grant the motion to compel as to Plaintiff's income (Interrogatory No. 14), employment history (Interrogatory No. 15), job

PAGE 7 – ORDER ON MOTION TO COMPEL

applications (Interrogatory No. 16), and job offers (Interrogatory No. 17 and Request for Production No. 66). The Court additionally grants the motion as to Request for Production No. 54, but will limit the scope of this request to responsive documents related to employment or employment opportunities between July 1, 2022, and the present, approximately one year before the first events alleged in the Complaint.

The Court denies the motion to compel at this time as to Requests for Production No. 55–57. Although Defendant's Motion identifies these requests in connection with its request for Plaintiff's "sources of income, employment opportunities, and employers," ECF 17 at 7, these requests appear to seek documents related to communications about Plaintiff's employment with Defendant and the allegations made in her Complaint, not her subsequent employment history. Defendant does not explain how Plaintiff's response to these requests was insufficient to allow Defendant "to test Plaintiff's assertion that she has been unable to work," the stated basis for this portion of the Motion. *Id.* Absent clarification, the Court cannot rule on these Requests for Production at this time.

**D. Expert Disclosure**

Defendant argues that Plaintiff should be required to disclose the names and subject matter of her experts "once the decision has been made to rely on a particular expert." Mot., ECF 17 at 8. Defendant states that an individual that it believes to be Plaintiff's expert was present at a deposition, but that Plaintiff's counsel refused to identify any experts. *Id.* at 3–4. Plaintiff points out that this Court's scheduling order only requires initial expert disclosures by August 22, 2025. Resp., ECF 21 at 6 (citing ECF 12).

Plaintiff is correct. As explained in *Mailhoit v. Home Depot U.S.A., Inc.*, the case cited by Defendant, Rule 26 requires that a party disclose the identity of all expert witnesses "at the times and in the sequence that the court orders." No. CV 11-03892, 2013 WL 12122580, at *3 (C.D.

PAGE 8 – ORDER ON MOTION TO COMPEL

Cal. Jan. 24, 2013) (quoting Fed. R. Civ. P. 26(a)(2)(D)). While a party "is not *prohibited* from making an earlier disclosure once the decision has been made to rely on a particular expert," *id.* (emphasis added), the Rule does not require disclosure before the deadline set by the court. The Court has set August 22, 2025, as the deadline for identification of expert witnesses. Defendant is not entitled to an order compelling disclosure before that date.

### E.  Phone Records and Communications

Defendant moves to compel production of Plaintiff's "phone records, including call logs," Mot., ECF 17 at 8–9, as well as documents reflecting communications Plaintiff had with others concerning the events at issue in her Complaint, *id.* at 9. Plaintiff states that production of these records, including production of "mirror image copies of the devices [P]laintiff used to communicate with witnesses and about the circumstances giving rise to this lawsuit," is ongoing. Resp., ECF 21 at 2–3. Plaintiff also states that she is "in the process of reviewing and producing" all relevant communications. *Id.* at 4–5.

In light of these representations from Plaintiff, the Court denies this portion of the motion to compel with leave to renew if appropriate.

### F.  Initial Disclosures

Finally, Defendant moves to compel Plaintiff to provide "a full and complete supplementation of Plaintiff's Initial Disclosures." Mot., ECF 17 at 9. Plaintiff states that she has agreed to do so. Declaration of Emily Templeton, ECF 22 ¶ 4. The Court denies this portion of the motion as moot.

### G.  Attorney's Fees

Defendant seeks an award of its attorney's fees and costs associated with the instant motion. Mot., ECF 17 at 10. A district court must require the party whose conduct necessitated a successful motion to compel to pay reasonable expenses, unless the party's nondisclosure was

PAGE 9 – ORDER ON MOTION TO COMPEL

substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Given the lack of controlling authority on the medical and employment records issues, as well as the fact that the Court is granting both requests only in part, the Court declines to award fees under the Rule 37(a)(5)(A)(ii) exception. The Court notes that Defendant did not seek to resolve any of these disputes through the informal resolution process outlined in the Case Management Order, and therefore likely incurred some fees that were not strictly necessary. However, if Plaintiff fails to comply with this order and Defendant must seek additional relief, the Court will entertain a motion for fees at that time.

**IT IS SO ORDERED.**

DATED this 13th day of March, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge